W. W. SWAN v. THE PITTSBURG DRIVING PARK AND FAIR ASSOCIATION.

### No. 231.

CORPORATION — *written instrument valid subscription to stock of; date of payment fixed in, no demand necessary.* A valid subscription for shares in a corporation is a written instrument within the meaning of our statutes and may be made the basis of an action. Where the dates of payment for such stock are fixed by the written instrument, no demand is necessary.

Error from Crawford District Court. Hon. J. S. West, Judge. Opinion filed December 22, 1897. *Affirmed*.

*O. T. Boaz*, for plaintiff in error.

*T. W. Cogswell* and *Fuller & Randolph*, for defendant in error.

SCHOONOVER, J. This was an action by defendant in error, a corporation, upon a subscription for shares of stock by plaintiff in error. Judgment was rendered in the court below in favor of the defendant in error for $125 and costs. Proceedings in error were brought by defendant below. The case originated in justice's court and was appealed to the District Court of Craw-

ford County, where an amended bill of particulars was filed, alleging, in substance, that the plaintiff below was a duly organized and existing corporation by virtue of the laws of the State, and doing business in its corporate name at Pittsburg in said county ; that the defendant, W. A. Swan, on or about the eighth day of March, 1890, subscribed to the capital stock of said corporation by written subscription, agreeing to take five shares of fifty dollars each, payable, twenty-five per cent. cash, a like amount in ninety days, and the residue, June 1, 1891. There are also allegations as to the amount of capital stock subscribed, and that the corporation had purchased real estate, erected buildings and improvements, and incurred obligations, etc. Attached to the amended petition and made a part of the same by exhibit, is the following :

"Pittsburg, Kan.

"We, the undersigned, hereby subscribe to the number of shares of capital stock of the Pittsburg Driving Park and Fair Association set opposite our names. Capital stock $12,000, being 240 shares of $50 each. Stock payable in three assessments, twenty-five per cent. cash, twenty-five per cent. in ninety days, and fifty per cent. on June 1, 1891."

| Date. | Name. | Number of shares. | Amt. stock. |
|-------|-------|-------------------|-------------|
| March 8, 1890..... | R. E. Carlton.......... | 10 shares ..... | $500 00 |
|  | C. P. Hale............ | 10 shares ..... | 500 00 |

Immediately following the above is a long list of names, numbers and amounts, written in order as shown, and among them appears the name of the plaintiff in error with the figure "5" opposite and under the designation "Number of shares ;" also the figures "$250" under the designation "Amt. stock."

The case was tried by the court without a jury, upon the bill of particulars and evidence of plaintiff

below. Plaintiff in error gave no evidence and demurred to the evidence given by defendant in error, and in his brief rests the case on the action of the trial court in overruling same.

The written contract was given in evidence, and alone proved a *prima facie* case for defendant in error, authorizing a judgment for $250. The sum of $125 was all that was claimed by the bill of particulars to be due, and for that amount judgment was rendered. Plaintiff in error cannot complain of this. The date of payment was fixed by the contract and no demand was necessary.

The judgment of the trial court is affirmed.